

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| HENRY FLOYD GILCHRIST, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 7:09-1959-HFF-WMC | |
| § | | |
| WILLIAM HERBERT RICE, § | | |
| Defendant. § | | |

## ORDER

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, seeking damages arising from an automobile accident. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 18, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on August 28, 2009.

In his Complaint, Plaintiff alleges that Defendant backed his car into Plaintiff's and then lied to his insurance company so that they would refuse to settle Plaintiff's claim. (Pl's Compl. 4.) Construed liberally, he insists that Defendant's actions were motivated by racial bias and prejudice. Although Plaintiff characterizes his claim as one arising under the Constitution and the Civil Rights Act of 1964, the Magistrate Judge concluded that Plaintiff's claim is not cognizable under either the Constitution or the Civil Rights Act but is more appropriately construed as arising under state law. (Report 3-4.) The Report explained how the Court can exercise jurisdiction over some state law claims but not those asserted by Plaintiff because no federal claim is properly pled and Plaintiff and Defendant are both South Carolina residents. (Report 3.)

In his objections, Plaintiff insists that he has alleged a federal claim that warrants the exercise of the Court's federal question jurisdiction. In an effort to recharacterize his claim to save it from dismissal, Plaintiff insists that the case is not about an "insurance claim but to seek justice, and a punitive award for defendant's act of hatred and vandalism toward a black person who he knew nothing about other than his ability to be well groomed." (Objections 2.) In other words, he insists that this "accident" was no accident, but rather an intentional act of vandalism or a "hate crime" motivated by racial prejudice.

Even assuming this is true, Plaintiff still fails to state a federal claim. If Plaintiff wished to seek criminal charges against Defendant, he could have reported Defendant's actions to the police. However, his pleadings and objections fail to reference a police report. Moreover even if there is a federal criminal vandalism statute broad enough to cover Defendant's alleged conduct, it is the

2

Government's role to prosecute such actions. As noted in the Report, § 1983, which provides a private right of action against unconstitutional conduct, applies only to those acting "under color of state law." As noted in the Report, Defendant was not acting under color of state law. (Report 4.)

Simply stated, Plaintiff allegations and grievances sound in state tort law and not federal law. He fails to state a claim sufficient to evoke the federal question jurisdiction of this Court.

Plaintiff's remaining objections fail to address the jurisdictional question and are without merit. Because the Court agrees with the Magistrate Judge that it lacks subject matter jurisdiction over this case, it will be dismissed. However, Plaintiff remains free to pursue his claims in state court.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.